IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOHNATHAN SMITH and MONIQUE SMITH, <br><br> Plaintiffs, <br><br> v. <br><br> ACUMED LLC, XYZ CORP. NOS. 1-6, <br><br> Defendants. | CIVIL ACTION FILE NO. 1:18-cv-02072-ELR |

### DEFENDANT ACUMED LLC'S MOTION FOR ATTORNEY'S FEES AND INCORPORATED BRIEF IN SUPPORT THEREOF

COMES NOW, Defendant Acumed LLC ("Acumed"), by and through its undersigned counsel, and files this Motion for Attorney's Fees and Brief in Support Thereof, showing this Honorable Court as follows:

### **INTRODUCTION**

The award of attorney's fees to the prevailing party is warranted when a party or its counsel continued to pursue their claims despite lacking any good faith basis or evidence.  This is one of those cases.  As demonstrated through their repeated discovery failings, known and even admitted lack of evidence, and ultimate inability to provide (or even attempt to provide) any supporting evidence on multiple occasions when called upon to do so, Plaintiffs have unreasonably and vexatiously

prolonged this action, forcing both Acumed and the Court to expend unnecessary resources. Such conduct is tantamount to bad faith and justifies an award of attorney's fees to Acumed.

Specifically, on April 3, 2020, the Court dismissed this purported product liability action in its entirety, granting Acumed's Motion for Summary Judgment and entering judgment in Acumed's favor. [Doc. 84; Doc. 85]. The Court based its ruling on Plaintiffs' failure to "point to any evidence, competent or otherwise," that the subject product — a surgical screw (the "Subject Screw") — was defective, and that Plaintiffs "wholly failed to respond to [Acumed's] argument in their response brief" that Plaintiffs lacked any evidence to support their claims. [Doc. 84 at 6]. Aside from these significant evidentiary deficiencies, the Court noted that Plaintiffs' repeated failures to meet Local Rules requirements "alone justifies dismissal." *Id.* at 3. The Court explained that Plaintiffs' responsive filings fell "well short" of their requirements under Local Rules, and that these shortfalls were "particularly appalling" given the Court's prior warnings of the need to conform to the Court's guidelines. *Id.*

The Court's findings alone demonstrate that Plaintiffs have maintained this action despite lacking any evidence to substantiate their claims, and that they flatly disregarded their burden to provide such evidence at summary judgment. And, as discussed below, the record shows Plaintiffs and/or their counsel were aware of the

futility of this action well before Acumed filed its Motion for Summary Judgment on December 26, 2019, as they were on notice of their significant evidentiary flaws since July 17, 2019 at the very latest.[1] Nonetheless, Plaintiffs continued to maintain this action in which they engaged in evasive discovery tactics, apparently spoliated evidence, and ultimately offered no supporting evidence in response to summary judgment—twice.[2]

Thus, it is clear that Plaintiffs and/or their counsel unreasonably and vexatiously continued this action, justifying the award of attorney's fees to Acumed. Accordingly, Acumed files this Motion for Attorney's Fees, requesting that the Court award attorney's fees to Acumed for its defense costs related to its December 26, 2019 Motion for Summary Judgment [Doc. 76] and ensuing filings.

## I.   BACKGROUND

On May 10, 2018, Plaintiffs Johnathan and Monique Smith filed this purported product liability suit against Acumed asserting claims of strict liability, negligence, and loss of consortium. Compl., ¶ 1. [Doc. 1]. Plaintiffs' claims arise

---

[1] On July 17, 2019, Acumed filed its initial motion for summary judgment arguing that Plaintiffs lacked any supporting evidence for their claims. [Doc. 70].

[2] As detailed below, Acumed filed two motions for summary judgment in this case, each of which argued that (1) Plaintiffs spoliated critical evidence, and (2) Plaintiffs lacked any evidentiary support for their claims that the Subject Screw was defective. [Doc. 70, 76]. In their response to each of these motions, Plaintiffs failed to address their lack of evidentiary support or provide any evidence to support their claims. [Doc. 71, 78]. Indeed, the Court noted that this deficiency was yet "another basis for granting summary judgment," which it did. [Doc. 84 at 6].

out of a November 16, 2016, surgical procedure that allegedly involved the removal of a broken surgical screw in Plaintiff Johnathan Smith's left wrist. *Id.* Plaintiffs alleged the failed surgical screw at issue (the "Subject Screw") was manufactured by Acumed, and somehow was defective. *Id.*

During discovery, Plaintiffs failed to provide any evidence supporting a product defect or any expert report on the issue, and even failed to make the Subject Screw available for inspection — all despite representations that Plaintiffs maintained the Subject Screw after filing the action and had it examined by a retained expert. [*See* Doc. 76-1 at 4–7]. Plaintiffs even indicated they were unsure whether Subject Screw was an Acumed product. *Id.* at 6. As a result, Acumed filed its initial motion for summary judgment on July 17, 2019, arguing that dismissal was appropriate due to (1) Plaintiffs' apparent spoliation of critical evidence (the Subject Screw), and (2) Plaintiffs' failure to proffer any evidence showing the Subject Screw was somehow defective. [Doc. 70]. Plaintiffs' response brief addressed only the issue of spoliation and did not provide any evidence of a defect. [Doc. 71]. However, on November 25, 2019, the Court denied Acumed's initial summary judgment motion due to procedural issues and permitted Acumed additional time to re-file its motion. [Doc. 74].

On December 26, 2019, Acumed re-filed its Motion for Summary in compliance with the Court's requirements. [Doc. 76]. In the renewed motion,

Acumed further argued that dismissal was appropriate due to (1) Plaintiffs' apparent spoliation of critical evidence, and (2) Plaintiffs' lack of evidentiary support to show the Subject Screw was in any way defective. [Doc. 76].  For the second time, Plaintiffs responded only as to the spoliation issue and did not provide any evidentiary basis to support their claims.  [Doc. 78; Doc. 84].

On April 3, 2020, the Court granted Acumed's motion for summary judgment, dismissing each of Plaintiffs' claims, and judgment was entered in Acumed's favor. [Doc. 84; Doc. 85].  As noted above, the Court found summary judgment was appropriate because Plaintiffs failed to "point to any evidence, competent or otherwise," that the Subject Screw was defective. [Doc. 84 at 6].  It further explained that summary judgment was also appropriate because Plaintiffs "wholly failed to respond to [Acumed's] argument in their response brief" that Plaintiffs lacked any evidence to support their claims.  *Id.*  In other words, Plaintiffs did not provide any supporting evidence, and further did not even attempt to address Acumed's dispositive argument that there was no evidence of a defect.  *See id.*

Though it ruled on the merits, the Court also noted that Plaintiffs' repeated failure to meet Local Rules requirements "alone justifies dismissal." *Id.* at 3.  The Court explained that Plaintiffs' responsive filings fell "well short" of their requirements under Local Rules, and that these shortfalls were "particularly

appalling" given the Court's prior warnings of the need to conform to the Court's guidelines. *Id.*

Overall, Plaintiffs and/or their counsel's delinquent and "particularly appalling" summary judgment response is representative of their conduct throughout the litigation, and further evidences their lack of good faith in maintaining this action. Therefore, Acumed files the instant Motion for Attorney's Fees to recover the fees it incurred preparing and filing its December 26, 2019 Motion for Summary Judgment and ensuing filings.

## II. ARGUMENT AND CITATION TO AUTHORITY

### A. Legal Standard

Federal Rule of Civil Procedure 54(d) and Local Rule 54.2 permit a party to file a motion for attorney's fees specifying "the judgment and the statute, rule, or other grounds entitling the movant to the award." Fed. R. Civ. P. 54(d)(2); LR 54.2, NDGa. Federal courts have both statutory and inherent authority to assess attorney's fees against an opposing party or attorney who "so multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927; *Peer v. Lewis*, 606 F.3d 1306, 1314–16 (11th Cir. 2010).[3]

---

[3] Georgia law similarly provides for the award of fees to the prevailing party if the opposing party proceeded with the action without substantial justification or unnecessarily expanded the proceeding in the absence of evidentiary support. *See* O.C.G.A. § 9-15-14. However, federal law applies to the analysis of attorney's fees for district courts exercising diversity jurisdiction, as is the case here. *Munson v.*

Moreover, 28 U.S.C. § 1927 "allows district courts to assess attorney's fees against litigants . . . who willfully abuse the judicial process by conduct tantamount to bad faith." *Dye v. Autumn Breeze Holding*, LLC, No. 1:02-CV-3299-BBM, 2006 WL 8431875, at *2 (N.D. Ga. Apr. 26, 2006) (quoting *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1544 (11th Cir. 1993)).  To justify an award of sanctions under § 1927, "an attorney must engage in unreasonable and vexatious conduct; this conduct must multiply the proceedings; and the amount of the sanction cannot exceed the costs occasioned by the objectionable conduct." *Peer*, 606 F.3d at 1314. An attorney multiplies the proceedings unreasonably and vexatiously "only when the attorney's conduct is so egregious that it is 'tantamount to bad faith.'" *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1239 (11th Cir. 2007) (citation omitted).

Bad faith is an objective standard. *Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1282 (11th Cir. 2010).  The analysis is based "not on the attorney's subjective intent, but on the attorney's objective conduct." *Id.*  Sanctions are warranted when an attorney knowingly or recklessly pursues a frivolous claim. *Peer*, 606 F.3d at 1314. "When it becomes apparent that discoverable evidence will not bear out the claim, the litigant and his attorney have a duty to discontinue their quest." *Avirgan v. Hull*,

---

*Strategis Asset Valuation and Mgmt., Inc.*, 363 F. Supp. 2d 1377, 1380 n.1 (N.D. Ga. 2005).

932 F.2d 1572, 1582 (11th Cir. 1991). Thus, "a district court may impose sanctions for egregious conduct by an attorney even if the attorney acted without the specific purpose or intent to multiply the proceedings; objectively reckless conduct is enough to warrant sanctions even if the attorney does not act knowingly and malevolently." *Taylor v. People Sales & Profit Co.*, No. 4:18-CV-232 (CDL), 2020 WL 376654, at *1 (M.D. Ga. Jan. 23, 2020) (quoting *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1241 (11th Cir. 2007)).[4]

### B. The Conduct of Plaintiffs and Their Counsel Warrants the Award of Attorneys' Fees to Acumed.

It is clear from the record and the Court's findings that Plaintiffs and/or their counsel have continued this action "unreasonably and vexatiously." As shown by their conduct during discovery and their responses to Acumed's initial summary judgment motion, Plaintiffs' counsel has long been aware of the significant fundamental evidentiary flaws that made this case inviable. Because Plaintiffs nonetheless continued to ignore their evidentiary burdens, their pursuit of the meritless allegations is tantamount to bad faith justifying the award of attorney's fees.

---

[4] The same bad faith standard applies to awarding sanctions under the Court's inherent powers. *Peer*, 606 F.3d at 1316 ("The key to unlocking a court's inherent power is a finding of bad faith. When considering sanctions under the court's inherent power, the threshold of bad faith conduct "is at least as high as the threshold of bad faith conduct for sanctions under § 1927." (citations omitted)).

From the start, Plaintiffs have known their claims required evidence showing the Subject Screw was defective. Indeed, a core element to any product liability action is the ability to produce the subject product and demonstrate how it is defective. Certainly counsel must have also been aware that they would need to provide supporting evidence at the summary judgment stage. Yet, throughout this case, Plaintiffs have been unable to provide any evidence supporting a defect or even the Subject Screw itself. Rather, Plaintiffs' counsel appeared to relish in providing only cryptic and evasive responses to even the most basic of Acumed's discovery requests. In doing so, Plaintiffs' counsel effectively thwarted Acumed's efforts to investigate Plaintiffs' claims, and to identify and discover information about the Subject Screw.

For example, when asked to produce and permit inspection of the Subject Screw, Plaintiffs merely responded "Inapplicable." [Doc. 76-11 at 8]. They similarly indicated that the location of the product was "unknown," *id.* at 3-4, despite their previous admission that they retained the Subject Screw after filing this lawsuit and that, at some point thereafter, Plaintiffs had it inspected by their own expert. [Doc. 76-6 at 4, 11; Doc. 76-13]. For this reason, Acumed has consistently taken the position that Plaintiffs and their counsel acted in bad faith and further spoliated evidence, whether intentionally or through inexcusable neglect. [Doc. 70; Doc. 76-1]. In addition, Plaintiffs failed to produce any report of their purported experts

regarding the alleged defects despite Acumed's requests and the basic discovery obligations that required them to do so.  [Doc. 76-1 at 19].

Plaintiffs' counsel certainly knew of the many evidentiary deficiencies in the case by the close of discovery, yet they continued with the action.  Not surprisingly, Plaintiffs were unable to provide any response to Acumed's summary judgment argument that Plaintiffs had no evidence to show a product defect, though Plaintiffs' counsel still continued with the action.  [Doc. 78].  Thus, the Court granted summary judgment in Acumed's favor, specifically finding that "Plaintiffs do not point to any evidence, competent or otherwise, on this issue," and that "Plaintiffs wholly failed to respond to Defendant's argument in their brief . . . provid[ing] another basis for granting summary judgment."  [Doc. 84 at 6].

Notably, this was not the first opportunity Plaintiffs had to address Acumed's summary judgment arguments, nor the first time they failed to proffer evidence of a product defect to the Court.  In July 2019, Acumed filed its initial summary judgment motion, in which it argued that Plaintiffs lacked any evidence supporting their allegations.  [Doc. 70].  There, too, Plaintiffs ignored their evidentiary deficiencies by responding only to Acumed's spoliation arguments and without offering any supporting evidence.  [Doc. 71].  And when given a second bite at the apple, Plaintiffs again ignored their evidentiary burden and addressed only whether their

failure to maintain the Subject Screw amounted to sanctionable spoliation. [Doc. 78].

As the Eleventh Circuit has stated, counsel has a duty to discontinue meritless claims even if initially filed in good faith, and the failure to do so is tantamount to bad faith:

> It is well established that: Although a litigant proceeding in good faith has a right to use civil discovery in attempts to prove the existence of a colorable claim for relief, filing a lawsuit is not a gratuitous license to conduct infinite forays in search of evidence. When it becomes apparent that discoverable evidence will not bear out the claim, **the litigant and his attorney have a duty to discontinue their quest**.

*Avirgan*, 932 F.2d at 1582 (quoting *Collins v. Walden*, 834 F.2d 961, 965 (11th Cir. 1987) (affirming award of attorney's fees under 28 U.S.C. § 1927)(emphasis added.).

Here, regardless of their original intent in filing the lawsuit, Plaintiffs' counsel continued to litigate this case even after it was clear there was no evidence to support any allegation of a product defect. The evasive nature of their discovery responses smacks of impropriety, and further demonstrates their awareness of the futility of their claims throughout the case. At the very latest, Plaintiffs knew or should have known of their substantial evidentiary failings by July 17, 2019, when Acumed first put Plaintiffs' lack of evidentiary support under summary judgment scrutiny. Yet both then, and again in response to Acumed's operative motion in December 2019, Plaintiffs did not even attempt to provide evidence supporting their claims. Thus, even though it had become "apparent that discoverable evidence will not bear out

the claim," Plaintiffs refused to discontinue the lawsuit and forced both Acumed and the Court to continue to expend resources on meritless claims. *Avirgan*, 932 F.2d at 1582.

Accordingly, because Plaintiffs and their counsel have maintained this action "unreasonably and vexatiously," and the Court has granted summary judgment entitling Acumed recover its costs in this action [Doc. 84; Doc. 85], the Court should award Acumed the attorney's fees for the costs incurred in preparing and filing its December 26, 2019 Motion for Summary Judgment and ensuing filings.

### C. *Acumed's Requested Fees.*

As shown above, the award of attorney's fees to Acumed is warranted. Pursuant to Local Rule 54.2(A)(2), at this time, Acumed estimates that the requested fees and expenses sought under this Motion are approximately $12,500, representing a fair estimate of the legal fees and costs incurred in connection with the preparation and filing of Acumed's Motion for Summary Judgment dated December 26, 2019 and related filings, and the Motion at bar.  Further, pursuant with the Local Rules of this Court,  Acumed will "file and serve a detailed specification and itemization of the requested award, with appropriate affidavits and other supporting documentation" within thirty (30) days of filing this motion for attorney's fees or such other period as the Court may prescribe.  LR 54.2(A)(2), NDGa.

## IV.     CONCLUSION

Based on the foregoing reasons, Acumed respectfully requests this Court grant Acumed's Motion for Attorney's Fees and enter an Order finding Plaintiffs and their counsel jointly and separately liable to pay Acumed its attorney's fees and expenses incurred in connection with the preparation and filing of Acumed's Motion for Summary Judgment dated December 26, 2019 and related filings, and the Motion at bar.  In compliance with Local Rule 54.2(A)(2), Acumed will serve and file a detailed specification and itemization of the requested award, with appropriate affidavits and other supporting documentation within thirty (30) days or such other period as the Court may prescribe.

Respectfully submitted, this the 17th day of April 2020.

**HALL BOOTH SMITH, P.C.**

*/s/ Walter J. Bibbins*
JOHN E. HALL, JR.
Georgia Bar No. 319090
WALTER J. BIBBINS, JR.
Georgia Bar No. 056308
BRITTANIE D. BROWNING
Georgia Bar No. 208410
EDGAR A. NEELY IV
Georgia Bar No. 411280

*Attorneys for Defendant Acumed LLC*

191 Peachtree Street, NE, Suite 2900
Atlanta, Georgia 30303

404-954-5000 | 404-954-5020 (fax)
wbibbins@hallboothsmith.com

## CERTIFICATE OF COMPLIANCE

The foregoing is double spaced in 14-point Times New Roman font and complies with the type-volume limitation set forth in Local Rule 7.1.

This 17th day of April 2020.

**HALL BOOTH SMITH, P.C.**

*/s/ Walter J. Bibbins*
JOHN E. HALL, JR.
Georgia Bar No. 319090
WALTER J. BIBBINS, JR.
Georgia Bar No. 056308
BRITTANIE D. BROWNING
Georgia Bar No. 208410
EDGAR A. NEELY IV
Georgia Bar No. 411280

*Attorneys for Defendant Acumed LLC*

191 Peachtree Street, NE, Suite 2900
Atlanta, Georgia 30303
404-954-5000 | 404-954-5020 (fax)
wbibbins@hallboothsmith.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have served a copy of the above and foregoing upon all parties to this matter by depositing a true copy of the same via the Court's electronic filing service to counsel of record as follows:

<table>
<tr><td>Adanna Ugwonali<br>UGWONALI LAW GROUP LLC<br>750 Hammond Drive<br>Suite 200, Building 12<br>Sandy Springs, GA  30328<br>augwonali@auulaw.com</td><td>Akinwunmi Doherty<br>THE DOHERTY LAW FIRM<br>2250 North Druid Hills Road, N.E.<br>Suite 237<br>Atlanta, GA 30329<br>akinsdoherty@gmail.com</td></tr>
</table>

This 17th day of April 2020.

**HALL BOOTH SMITH, P.C.**

*/s/ Walter J. Bibbins*
JOHN E. HALL, JR.
Georgia Bar No. 319090
WALTER J. BIBBINS, JR.
Georgia Bar No. 056308
BRITTANIE D. BROWNING
Georgia Bar No. 208410
EDGAR A. NEELY IV
Georgia Bar No. 411280

*Attorneys for Defendant Acumed LLC*

191 Peachtree Street, NE, Suite 2900
Atlanta, Georgia 30303
404-954-5000 | 404-954-5020 (fax)
wbibbins@hallboothsmith.com