# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

| | | |
|---|---|---|
| JOHNATHAN SMITH and MONIQUE SMITH, | * * * | |
| Plaintiffs, | * * | |
| v. | * * | 1:18-CV-02072-ELR |
| ACUMED LLC, | * * | |
| Defendant. | * * | |

## O R D E R

Presently before the Court is Defendant's "Motion for Attorney Fees." [Doc. 87]. For the reasons below, the Court denies Defendant's motion.

## I.  Background

Plaintiffs Johnathan Smith and Monique Smith filed this product liability action on May 10, 2018, against Defendant Acumed LLC, alleging claims for strict liability, negligence, and loss of consortium. Compl. [Doc. 1]. As detailed in the Court's August 12, 2019 and November 25, 2019 Orders, from nearly the inception of this case, the Parties have consistently failed to comply with the Federal Rules of Civil Procedure, the Local Rules of this Court, and the undersigned's Instructions for Civil Cases. [See Docs. 72, 74]. After several reprimands and warnings,

Defendant properly moved for summary judgment on December 26, 2019. [Doc. 76]. The Court granted Defendant's motion, specifically noting that Plaintiffs failed to "point to any evidence, competent or otherwise" to support their claims. [Doc. 84 at 6].

Following the Clerk's entry of judgment in its favor, Defendant filed the instant "Motion for Attorney Fees." [Doc. 87]. Plaintiffs did not file a response. The Court turns now to a review of Defendant's motion.

## II. Discussion

Defendant brings its "Motion for Attorney Fees" pursuant to 28 U.S.C. § 1927. Section 1927 provides that any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses and attorney's fees reasonably incurred because of such conduct." The Eleventh Circuit has interpreted the statute to impose three essential requirements for an award of sanctions: (1) "the attorney must engage in 'unreasonable and vexatious' conduct;" (2) "that 'unreasonable and vexatious' conduct must be conduct that 'multiplies the proceedings;'" and (3) "the dollar amount of the sanction must bear a financial nexus to the excess proceedings, i.e., the sanction may not exceed the 'costs, expenses, and attorney's fees reasonably incurred because of such conduct.'" Amlong & Amlong, P.A. v. Denny's Inc., 500 F.3d 1230, 1239 (11th Cir. 2007) (quoting Peterson v. BMI Refractories, 124 F.3d

1386, 1396 (11th Cir. 1997)). The Eleventh Circuit has "consistently held that an attorney multiplies proceedings 'unreasonably and vexatiously' within the meaning of the statute only when the attorney's conduct is so egregious that it is 'tantamount to bad faith.'" Id.; see also Schwartz v. Millon Air, Inc., 341 F.3d 1220, 1225 (11th Cir. 2003) ("'Bad faith' is the touchstone.").

The Court's determination of bad faith hinges upon an attorney's objective conduct, not the subjective intent of the attorney. Amlong, 500 F.3d at 1239. However, an attorney's state of mind is taken into consideration when "a given act is more likely to fall outside the bounds of acceptable conduct and therefore be 'unreasonabl[e] and vexatious' if it is done with a malicious purpose or intent." Id. at 1241. Negligent conduct alone "will not support a finding of bad faith under § 1927" and, therefore, an attorney's conduct "will not warrant sanctions if it simply fails to meet the standard of conduct expected from a reasonable attorney." Id.; see also Schwartz, 341 F.3d at 1225.

Defendant contends attorneys' fees are warranted because Plaintiffs' counsel unreasonably pursued this product liability case despite the fact that Plaintiffs allegedly did not have the defective product within their possession. [See Doc. 87]. Defendant bolsters this argument by pointing to the Court's finding on summary judgment that Plaintiffs failed to "point to any evidence, competent or otherwise" to support their claims. [Id. at 2] (citing Doc. 84 at 6). However, presentment of the

3

defective product is unnecessary in a product liability action; a party may rely on circumstantial evidence to prove a defect where the product in question is destroyed or unavailable for testing. Graff v. Baja Marine Corp., No. 2:06-CV-68-WC, 2007 WL 6900363, at *8 (N.D. Ga. Dec. 21, 2007), aff'd, 310 F. App'x 298 (11th Cir. 2009). Thus, there was sound legal support for Plaintiffs' attorney to pursue and litigate this case. The fact that Plaintiffs' attorney did not argue or pursue the case according to this strategy does not amount to bad faith. See Amlong, 500 F.3d at 1241 (finding that an attorney's conduct "will not warrant sanctions if it simply fails to meet the standard of conduct expected from a reasonable attorney").

Moreover, the Court finds that Plaintiffs' counsel's supposed "unreasonable conduct" did not "multiply the proceedings." See id. at 1239. Indeed, this case would likely have been resolved on Defendant's first motion for summary judgment had *Defendant* followed the Court's Local Rules regarding the filing. [See Doc. 74].

In short, the Court concludes that the conduct of Plaintiffs' counsel does not warrant the sanction of attorney's fees. Thus, the Court denies Defendant's motion.

## III. Conclusion

Accordingly, the Court **DENIES** Defendant's "Motion for Attorney Fees." [Doc. 87].

**SO ORDERED**, this 18th day of August, 2020.

*Eleanor L. Ross*
Eleanor L. Ross
United States District Judge
Northern District of Georgia